ROUTH CRABTREE OLSEN, P.S.
Edward T. Weber, SBN 194963
Brett P. Ryan, SBN 200563
Jonathan J. Damen, SBN 251869
505 N. Tustin Ave, Suite 243
Santa Ana, California 92705
Telephone 714-277-4915
Facsimile 714-277-4899
Email jdamen@rcolegal.com
File No.: RCO 7233.31201
Attorneys for Creditor

# UNITED STATES BANKRUPTCY COURT

## NORTHERN CALIFORNIA DISTRICT OF CALIFORNIA

### SANTA ROSA DIVISION

| | |
|---|---|
| JAMES M MENDELSOHN DBA PERFORMANCE FLOOR COVERING FDBA MENDELSOHN FLOOR COVERING FDBA MENDELSOHN'S PERFORMANCE FLOOR COVERING<br><br>Debtor. | **Chapter 13**<br>**Case No. 10-12305-AJ**<br><br>***STIPULATION RE: MOTION TO VALUE LIEN*** |

**STIPULATION RE: MOTION TO VALUE LIEN**

This Stipulation is entered into by and between Debtor, James M Mendelsohn, by and through his attorney of record, Daniel B. Beck, and Creditor, JP Morgan Chase Bank, N.A., ("Creditor") by and through its attorney of record, Jonathan J. Damen, of Routh Crabtree Olsen, P.S.

///

///

1

## RECITALS

Debtor is the maker of a Home Equity Line of Credit Agreement and Disclosure in favor of Washington Mutual Bank, FA dated May 18, 2005 in the original principal amount of $42,000.00 ("Note") secured by an Equity Line of Credit Deed of Trust ("Second Deed of Trust") encumbering the real property located at 7578 BOBBIE WAY, Rohnert Park, CA 94928 ("Property").

The Second Deed of Trust was recorded on September 6, 2006 as Document Number 2006109745 in the Official Records of the Recorder's Office of Sonoma County, California. The Note and Second Deed of Trust are collectively referred to as "Subject Loan." Creditor is the beneficiary of and entitled to enforce the Subject Loan.

On or about June 19, 2010, Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern California District of the State of California, and was assigned Case No. 10-12305-AJ.

On or about September 14, 2010, Debtor filed a Motion to Value Lien praying that the Court find that the Second Deed of Trust is wholly unsecured.

## STIPULATION

The Parties hereby stipulate and agree as follows:

1. Creditor's claim for the Subject Loan shall be allowed as a non-priority general unsecured claim in the amount per Creditor's Proof of Claim. Creditor is not required to, but may file an amended Proof of Claim listing its claim as an unsecured claim to be paid in accordance with the Debtor's Chapter 13 Plan. If an amended Proof of Claim is not filed, the Trustee may treat such Claim (secured or unsecured) as unsecured upon entry of this Stipulation herein.

2. The avoidance of Creditor's Second Deed of Trust is contingent upon the Debtor's

completion of the Chapter 13 Plan and the Debtor's receipt of a Chapter 13 Discharge in the instant case. Upon completion of the Chapter 13 Plan and the Debtor's receipt of a Chapter 13 Discharge in this case, this Stipulation may be recorded by Debtor with the Office of the County Recorder for the county in which the Property is located and the Second Deed of Trust against the Property shall be null and void and such lien shall not act as an encumbrance on the Property.

3. Creditor shall retain the lien of its Second Deed of Trust for the full amount due under the corresponding Note and Second Deed of Trust in the event of either the dismissal of the Debtor's Chapter 13 case or the conversion of the Debtor's Chapter 13 case to any other Chapter under the United States Bankruptcy Code or if Debtor does not receive a Chapter 13 Discharge in this case.

4. In the event that the holder of the first lien or any senior lien on the Property forecloses on its interest and extinguishes Creditor's second lien rights prior to the Debtor's completion of the Chapter 13 Plan and receipt of a Chapter 13 Discharge, Creditor's lien shall attach to the surplus proceeds from the foreclosure sale for the full amount of the amount due and owing under the Note and Second Deed of Trust.

5. Debtor shall maintain full coverage insurance on the Property in an amount sufficient to pay the full balance due and owing to Creditor, as well as to pay the full balance owing to any senior lienholder(s), and Debtor shall list Creditor as a loss payee. Debtor shall provide proof of insurance upon request.

6. In the event the Property is destroyed or damaged prior to the entry of a discharge order and the amount of damage to the Property is greater than the then existing balance on the first mortgage secured by Property, then Creditor shall be entitled to its full rights and compensation as loss payee with respect to any insurance proceeds, up to the entire balance due on the Subject Loan at the time of the loss.

3
Case: 10-12305    Doc# 25    Filed: 12/07/10    Entered: 12/07/10 09:39:15    Page 3 of 7

7. Each party to this Stipulation shall bear their own attorneys' fees and costs incurred in connection with the instant Motion.

Dated: December 4, 2010          Beck Law, P.C.

                                 By: *Evan Livingstone*
                                 DANIEL B. BECK, ESQ
                                 EVAN LIVINGSTONE, ESQ
                                 Attorney for Debtor


Dated: December 6, 2010          JP MORGAN CHASE BANK, N.A.

                                 By: _____
                                 Jonathan J. Damen, ESQ.
                                 Routh Crabtree Olsen, P.S.
                                 Attorneys for Creditor

4

# COURT SERVICE LIST

**James M Mendelsohn dba**
**Performance Floor Covering**
**fdba**
**Mendelsohn Floor Covering**
**fdba**
**Mendelsohn's Performance Floor Covering**
PO Box 236
Cotati, CA 94931

**Daniel B. Beck**
2681 Cleveland Ave.
Beck Law, P.C.
Santa Rosa, CA 95403

**David Burchard**
393 Vintage Park Drive
Suite 150
Foster City, CA 94404

**U.S. Trustee (SR)**
235 Pine Street
Suite 700
San Francisco, CA 94104

**Routh Crabtree Olsen, P.S.**
505 N. Tustin Ave., Suite 243
Santa Ana, CA 92705

ORDER ON STIPULATION TO MODIFY STAY

1

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5 | **Routh Crabtree Olsen, P.S.**<br>Edward Weber #194963<br>Jonathan J. Damen #251869<br>505 N. Tustin Ave, Suite 243<br>Santa Ana, California 92705<br>Telephone 714-277-4937<br>Facsimile (714) 277-4899<br>Email jdamen@rcolegal.com |
| 6 | RCO No.: 7233.31201 |
| 7 | Attorneys for movant, JP Morgan Chase Bank, N.A. |

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| In re:<br><br>James M Mendelsohn dba<br>Performance Floor Covering<br>fdba<br>Mendelsohn Floor Covering<br>fdba<br>Mendelsohn's Performance Floor Covering<br><br>Debtor(s). | Bk. No. 10-12305-AJ<br>R.S. No.:<br>Judge Alan Jaroslovsky<br>**Chapter 13**<br><br>*PROOF OF SERVICE*<br><br>Preliminary Hearing:<br>Date:<br>Time:<br>Place: U.S. Bankruptcy Court<br>99 South "E" Street<br>Santa Rosa, CA 95404<br>Courtroom |
|---|---|

I declare: I am employed in the County of Orange, State of California. I am over the age of eighteen (18) years. My business address is 505 N. Tustin Ave., Suite 243, Santa Ana, California, 92705. On the date stated below, I served within **Stipulation Re: Motion to Value** on interested

Proof of Service

3

parties in this action by placing a true copy thereof enclosed in a sealed envelope via postage pre-paid, regular first class mail as follows:

**Via Mail:**
**James M Mendelsohn**
**dba Performance Floor Covering**
**fdba Mendelsohn Floor Covering**
**fdba Mendelsohn's Performance Floor Covering**
PO Box 236
Cotati, CA 94931

**Daniel B. Beck**
2681 Cleveland Ave.
Beck Law, P.C.
Santa Rosa, CA 95403

**David Burchard**
393 Vintage Park Drive
Suite 150
Foster City, CA 94404

**U.S. Trustee (SR)**
235 Pine Street
Suite 700
San Francisco, CA 94404

I declare under penalty and perjury under the laws of the United States that the foregoing is true and correct.

Service was made and this declaration was executed on December __7__, 2010 at Santa Ana, California.

By: /s/Ronald Klucsar

Proof of Service

4